In re Petition for DISCIPLINARY AC-
TION AGAINST John T. ANDERSON,
an Attorney at Law of the State of
Minnesota.

No. C5–96–1482.

Supreme Court of Minnesota.

Oct. 24, 1996.

### ORDER

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent John T. Anderson has committed professional misconduct, namely failing to diligently pursue three client matters entrusted to him and failure to communicate with those clients; and

WHEREAS, the respondent and the Director have entered into a stipulation wherein respondent waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and unconditionally admits the allegations of the petition and in which they jointly recommend that the appropriate discipline is a public reprimand and 2 years' public probation pursuant to Rule 15, with the probation subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date this stipulation is executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that

there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Within two weeks from the date of the Court's order approving this stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested; and

WHEREAS, this court has independently reviewed the record and agrees that the recommended discipline is appropriate based on the admitted misconduct;

IT IS HEREBY ORDERED that respondent John T. Anderson is publicly reprimanded and is placed on public probation for 2 years on the agreed-to conditions set out above.

The Director is awarded costs of $900 pursuant to Rule 24.

BY THE COURT:

/s/ Alan C. Page
Alan C. Page
Associate Justice